Wilbanks HARRISON, Plaintiff in Error,

v.

G. W. CLAYBROOK, C. W. Hill and Lois Bishop, Trustees of The Wewoka Municipal Improvement Authority; and The City of Wewoka, a Municipal Corporation, Defendants in Error.

No. 40009.

Supreme Court of Oklahoma.

June 12, 1962.

S. W. Bill Biggers, Wewoka, for plaintiff in error.

A. C. Kidd, City Atty. of the City of Wewoka, Leon S. Hirsh, James C. Harkin, Paul Johanning, Oklahoma City, for defendants in error.

BLACKBIRD, Vice Chief Justice.

G. W. Claybrook, C. W. Hill, and Lois Bishop, Trustees of a so-called "public trust", named "The Wewoka Municipal Improvement Authority" (hereinafter referred to merely as the "Authority") instituted this action as plaintiffs, under authority of Tit. 60 O.S.1961 § 175.23 against The City of Wewoka, as defendant, to obtain an adjudication as to certain matters with reference to said Authority, which was admittedly created to assist said defendant city in obtaining industrial development under the Local Industrial Development Act, Tit. 62 O.S.1961 § 651 et seq.

To the petition of said Trustees, hereinafter referred to as plaintiffs, was attached a copy of the Declaration of Trust creating the Authority, usually referred to as the "trust instrument." Said petition alleged, inter alia, the following:

"II.

"The trustees of the aforesaid trust, at the request of the Board of City Commissioners of the said City, propose to enter upon a project for securing and developing industry within and near the said municipality in accordance with the provisions of the Local Industrial Development Act, Title 62, secs. 651–664, Oklahoma Statutes 1961, and with Title 60, sections 176–180,

Oklahoma Statutes 1961, in the following:

"(a) The said Trustees propose to arrange for acquisition of real estate necessary for the construction thereon of an industrial building, and for the construction thereon of such building, all from the proceeds of revenue bonds as provided in said Local Industrial Development Act, and/or first mortgage bonds as provided in the Declaration of Trust attached hereto as Exhibit 1; and, in the event that the issuance of the said bonds are authorized by the electors qualified to vote thereon, then to carry the aforesaid project to completion.

"(b) The said Trustees further propose to enter into preliminary arrangements for leasing the abovementioned industrial plant to a clothing manufacturing company for an annual rental adequate to retire the obligations incurred as aforesaid and also to provide adequate upkeep of the said plant and to defray any other expense necessary to be paid in connection therewith; and, in the event of the approval of the electors as aforesaid, to complete said lease.

"III.

"It is shown that the commencement of the said project as above outlined, and the holding of the election as provided in the said Local Industrial Development Act and/or in the said Declaration of Trust will entail the expenditure of a substantial sum from the trust estate and, unless the aforesaid project shall be authorized or proper, as provided either by Title 60, section 176, supra, or by the said Local Industrial Development Act, said expenditures would constitute a dissipation of the trust estate.

"WHEREFORE, the plaintiffs pray:

"(1) The Court to construe the provisions of the trust instrument hereto attached to determine the law applicable thereto in relation to the aforesaid project;

"(2) The Court define the powers, duties and liability of the trustees of said trust in relation to implementation of said project and in expending trust funds in connection therewith; and

"(3) The Court determine specifically (a) whether or not the aforesaid project is a project in which a trust created under the aforesaid statutes may engage, and (b) the validity of the said Local Industrial Development Act in relation to any applicable provision of the Constitution of the State of Oklahoma."

After the filing of the above-described pleading, Wilbanks Harrison, a resident, taxpayer, and qualified elector, of the defendant City intervened, challenging the constitutionality of the Local Industrial Development Act, supra, and alleging that the project described in plaintiff's petition " * * * is not an authorized or proper function of the beneficiary, City of Wewoka, and not a proper purpose for the trust alleged by the plaintiffs." Harrison, hereinafter referred to as intervenor "prayed * * * that the Court order and adjudge the plaintiffs to be without right, power or authority to enter upon the project * * * or to expend trust money for * * *" its furtherance.

In its answer, the defendant City admitted all allegations of fact contained in defendant's petition.

■ When the cause was tried, the court rendered judgment for the plaintiffs in accord with certain findings of fact and conclusions of law, filed therein. From said judgment, the Intervenor has lodged the present appeal, and advances his arguments for reversal under two propositions, the first of which is as follows:

"MUNICIPALITIES IN OKLAHOMA MAY NOT BE AUTHORIZED TO ENGAGE IN ANY BUSINESS WHICH, IF CONDUCTED BY PRIVATE INTERESTS, WOULD NOT REQUIRE THE GRANT OF A FRANCHISE."

Under this proposition, intervenor contends that, in Oklahoma, a municipality's right to engage in business is limited by Section 6, Article XVIII of this State's Constitution to businesses, or enterprises, that may be engaged in, under a franchise permit from it, by a person, firm, or corporation; that such businesses or enterprises are only those contemplated in that Article's Section 5(a); and that the declared purposes of the Authority clearly do not come within the scope of the latter Constitution provision. Plaintiffs argue, on the other hand that, conceding the cited provision of Article XVIII to constitute the effectual limitation claimed by intervenor, the City of Wewoka, in the present case, does not propose to engage in the acquisition of real estate, or construction of a building, or the leasing of them, to a clothing manufacturing company, but that this is to be done by an agency (the Authority) to which a State function has been delegated. They point out that under Article II, Section 31 of our Constitution, the State may not be denied or prohibited from engaging in *any* business "for public purposes", except for the restrictions therein prescribed upon its engaging in agriculture. Plaintiffs' argument is well taken. We think the Authority is in the general category this court, in Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355, 361, described as "a governmental agency or public corporation, with limited powers, for the purpose of conducting a state function * * *". That the particular function, or purpose, involved is a "public" one cannot be seriously doubted. We think the court in Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80, 83, was particularly articulate on this subject when it said therein:

> "The concensus of modern legislative and judicial thinking is to broaden the scope of activities which may be classed as involving a public purpose. 37 Am.Jur., Municipal Corporations, Sec. 132. It reaches perhaps its broadest extent under the view that

economic welfare is one of the main concerns of the city, state and the federal governments. * * *"

For the reasons set forth in that case, we are of the opinion that the authority is a public corporation designed to carry out a public purpose.

■ Intervenor's Proposition II is as follows:

> "THE SEVERAL PROVISIONS OF THE OKLAHOMA CONSTITUTION WHICH PROHIBIT THE USE OF PUBLIC FUNDS FOR PRIVATE PURPOSES, THE GIVING OR LOANING OF PUBLIC CREDIT AND THE GRANTING OF EXCLUSIVE RIGHTS AND PRIVILEGES TO PRIVATE ENTERPRISES ALL COMBINE TO PREVENT THE LEGISLATURE FROM AUTHORIZING EITHER COUNTIES OR MUNICIPALITIES FROM EXPENDING THEIR PUBLIC FUNDS OR GRANTING THE RIGHTS AND PRIVILEGES SOUGHT TO BE AUTHORIZED BY THE LOCAL INDUSTRIAL DEVELOPMENT ACT."

The above proposition is directed more at what the Local Industrial Development Act, supra, authorizes municipalities and counties to do, than to anything that the City of Wewoka is shown to contemplate doing in the present case. While Section 1 of said Act (S.L.1961, p. 471; Tit. 62 O.S.1961 § 652) authorizes any municipality and county to "* * * own, acquire, construct, reconstruct, * * * equip, improve, maintain * * * lease, contract concerning, or otherwise deal in * * * any lands, buildings, or facilities * * * that can be used in securing or developing industries * * *", and certain provisions of the Act's Section 3 authorize them to use any "available" revenue for the accomplishment of such purposes, those provisions are not

applicable, or material, here, where such purposes are sought to be accomplished by the creation of a public trust (which Section 3 also authorizes) and by the Trust's issuance of revenue bonds, which Section 4 (Tit. 62 O.S.1961 § 654) authorizes. Under the subject Trust instrument's paragraph 11(a), all expenses of the trustees' acquisition of real estate, and building construction thereon, are to be defrayed from the proceeds of revenue bonds, and/or first mortgage bonds, to be issued with the approval of Wewoka's qualified electors, as is contemplated in the Statute's Section 4. The trust instrument's paragraph VI(i) specifically contemplates, among other things, that the beneficiary of the Trust, which is the City of Wewoka, is not to be chargeable with, or liable for, the obligations or liabilities of the Trust, and that same will be payable solely out of the Trust estate. After examining the trust instrument as a whole, we think the Authority, as therein contemplated and restricted, is appropriately designed for proper application of the special fund, or revenue bond, doctrine, which this court, and others, have applied to agencies of the State, to which public functions have been delegated. Adoption of said doctrine in this State was discussed rather fully in Sheldon v. Grand River Dam Authority, supra, and the same doctrine has been applied in other more recent cases involving both municipally-created and state-created agencies. Under said doctrine, there is a marked distinction between the legal aspects of a municipality's obligating itself, and such an agency's incurring obligations to be paid solely out of trust income and secured exclusively by trust property. Therefore, we cannot agree with intervenor's contention that if a municipality, or county, cannot "prosecute" a project like the one involved here, the Trust or Authority cannot do it either. It may be true, as he says, that the validity of the Oklahoma Industrial Development Act (or at least certain portions of it) " * * * must be tested by what it seeks to authorize counties and municipalities to do * * *", but that is not an issue in this case, and need not be decided in determining the correctness of the trial court's judgment, or the validity of the Act, or those portions of it, applicable to public trusts like the one here involved. The cases of Vette v. Childers, 102 Okl. 140, 228 P. 145, and Veterans of Foreign Wars of United States, Department of Oklahoma v. Childers, 197 Okl. 331, 171 P.2d 618, relied on by intervenor, concerned the use of public funds, i. e., those derived from taxation—and are not applicable here. As said in Faulconer v. City of Danville, supra:

> "We need not concern ourselves here with the question whether or not the ownership and leasing of an industrial plant is such a public purpose *as would authorize the exertion of the taxing power or the appropriation of tax revenue in its acquisition.*" (Emphasis ours).

Nor do we need to concern ourselves with any finding or conclusion of the trial court not necessary, or material, to a determination of the correctness of its judgment— nor with any provision of our public trust laws not yet sought to be invoked, or employed, in the creation, or operation, of the subject Trust.

As intervenor has failed to demonstrate that said Trust, as created by the method here involved, will conflict with, or do violence to, any provision of the Oklahoma Constitution that is applicable to it, or any provision of the Oklahoma Statutes, or any previous opinion of this court, the judgment of the trial court is hereby affirmed.