** Summary ** PRIVATE NON-PROFIT CORPORATION — RECEIPT OF STATE OR FEDERAL FUNDS FOR ADMINISTERING GOVERNMENT PROJECT There is no prohibition of a private non-profit Oklahoma corporation receiving either State or federal funds as a sub-grantee for the purpose of administering government supported youth projects, if the appropriation is affected with a public interest, is not in the nature of a gift, but in the nature of a contractual obligation, and consideration is received by the State through a fulfilling of said contractual obligations by the non-profit corporation, and the State retains the power to terminate the relationship with the non-profit corporation if it determines that said contractual obligations are not being properly fulfilled. The Attorney General is in receipt of your opinion request wherein you ask the following question: "Is there any prohibition of a private non-profit Oklahoma corporation receiving either state or federal funds as a sub-grantee for the purpose of administering government supported youth projects?" Sections Article X, Section 14, Article X, Section 19, Article X, Oklahoma Constitution, are applicable to the situation you have outlined in your question. "Taxes shall be levied and collected by general laws, and for public purposes only, except that taxes may be levied when necessary to carry into effect Section 31 of the Bill of Rights. Except as required by the enabling act, the State shall not assume the debt of any county, municipal corporation, or political subdivision of the State, unless such debts shall have been contracted to defend itself in time of war, to repel invasion, or to suppress insurrection." Article X, Section 19 of the Oklahoma Constitution stipulates as follows: "Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." The Oklahoma Supreme Court has interpreted these constitutional provisions in several cases. A thorough discussion and explanation can be found in Veterans of Foreign Wars of The United States, Department of Oklahoma v. Childers, 171 P.2d 618 (1946). An action was brought in this case to test the legality and validity of an appropriation made by the State Legislature to the Veterans of Foreign Wars organization. The Court stated: " . . . No appropriation of funds in the State Treasury can be made for other than a public purpose. " . . . The purpose must not only be affected with a public interest, but must be performed by the State in the exercise of its governmental functions. " . . . A state, in a proper manner, may make use of a private agency for the public use. " . . . When such organization functions by its own management entirely separate from control or direction by the State, it is as to the State a private corporation and the Legislature has no constitutional authority to appropriate public funds of the State, to such corporation, or to be expended by and through the corporation, in aid of the carrying out of its functions or some part of them, because such an appropriation would be in the nature of a gift of public funds within the meaning of Article X, Section 15 of the Constitution. The Court concluded that: "Upon the whole consideration we are convinced that this appropriation is in violation of the Constitution in that this public money is not appropriated and disbursed by the State for a public purpose within the intendment of the Constitution, and that the appropriation constitutes a gift of public monies in that it is appropriated to a private corporation or for expenditure by and through the corporation in the furtherance of its particular functions and activity instead of an appropriation and expenditure by and through state officers or state agencies or installations." The situation you have outlined in your inquiry is distinguishable from the case cited above if the private non-profit Oklahoma corporation you refer to receives funds that are not in the nature of a gift, but are pursuant to a contractual agreement between the corporation and the State whereby the corporation agrees to expend the funds for a public purpose in the manner stipulated by the State in the contract. In Application of Oklahoma Turnpike Authority, 348 P.2d 510, the Oklahoma Turnpike Authority filed an application with the Supreme Court to determine the validity of a trust fund and the earmarking of revenues thereto. This case held: "It is within the discretion of the Legislature to provide that the Authority may sue and be sued; that it is constituted an instrumentality of the State; that the exercise of its powers shall be deemed held to be an essential governmental function of the State . . ." In Harrison v. Claybrook, 372 P.2d 602, the Supreme Court held: " . . . That authority, created by the city to assist it in obtaining industrial development under the local industrial development act was a governmental agency to which was delegated a State function and such authority was not precluded from conducting business by constitutional limitations on business activities of municipalities, and where trust instrument creating such authority provided for obligations payable solely out of trust income and secured by trust property, such instrument and authority did not violate constitutional provisions restricting appropriation of public funds and the incurring of debts by the State's municipalities." The Harrison case cites Faulconer v. City of Danville,232 S.W.2d 80, 83, which held as follows: "A consensus of modern legislation and judicial thinking is to broaden the scope of activities which may be classed as involving a public purpose . . . " From a reading of these cases it appears that, (1) State funds can only be appropriated for a public purpose, (2) said purpose must not only be affected with a public interest, but must be performed in furtherance of a governmental function as opposed to benefiting private individuals or groups, and (3) a State, in a proper manner, may make use of a private agency for the public use. The cases cited above clearly indicate that "in a proper manner" is interpreted as meaning that an appropriation can never take the form of a gift. In order for an appropriation to be validly made to a private agency it must not only be for a public purpose, but it must be made in such a manner as to insure that primary control over expenditures will always lie in the State. The agency must be under a contractual obligation to perform the requisite contractual provisions as stipulated by the State in a manner designated and approved by the State. The agency's activities, expenditures, and procedures must be conducted in such a manner as to insure State supervision and the State must retain the power to terminate its relationship with the private agency if it determines that the private agency has not satisfactorily fulfilled its obligations. It is, therefore, the opinion of the Attorney General that there is no prohibition of a private non-profit Oklahoma corporation receiving either State or federal funds as a sub-grantee for the purpose of administering government supported youth projects, if the appropriation is affected with a public interest, is not in the nature of a gift, but in the nature of a contractual obligation, and consideration is received by the State through a fulfilling of said contractual obligations by the non-profit corporation, and the State retains the power to terminate the relationship with the nonprofit corporation if it determines that said contractual obligations are not being properly fulfilled. (Odie A. Nance)