## In re INITIATIVE PETITION NO. 319, STATE QUESTION NO. 563.

### No. 61227.

Supreme Court of Oklahoma.

May 1, 1984.

Miller, Dollarhide, Dawson & Shaw by George Miller, Jack S. Dawson, James C. Shaw, David A. Kaserman, Oklahoma City, for protestant.

Crow & Dunlevy by John W. Swinford, D. Kent Meyers, Harvey D. Ellis, Jr., Barbara S. Gilbert, Gayle Barrett, Oklahoma City, for proponents.

HODGES, Justice.

This matter comes before us on a protest to the validity of Initiative Petition No. 319, State Question No. 563, pursuant to 34 O.S.1981 § 8. Two issues are presented for decision: 1) the sufficiency and validity of signatures, and 2) protestant's single challenge to the legal sufficiency of the petition.

I

The first issue was referred to a Referee of the Supreme Court for evidentiary hearing and report. Under the schedule estab-

lished by the Court at the outset of this protest, and subsequent allocations of time as established by the Referee, the protestants were allowed approximately 100 days within which to establish the invalidity of 94,977 of the 227,446 presumptively valid signatures submitted. During that time, protestant presented challenges to only 52,-965 such signatures. On the date previously established for protestant's evidence to close, protestant requested an additional two weeks within which to offer additional challenges. The Referee denied that request, and sustained a demurrer to protestant's evidence since there were sufficient valid signatures, even if all of the signatures challenged by protestant were declared invalid.

The Referee has filed his report reciting the facts noted above and explaining the basis for the denial of protestant's request for additional time. The principal basis for that decision was his belief, based upon judicial notice of facts readily observable, that protestant had not used diligence in presenting challenges during the time allotted.

Protestant has filed exceptions to that report in which he takes issue with certain findings of the Referee concerning the care with which the petition was circulated, the diligence of the protestant in demonstrating prejudice from technical defects, and protestant's failure to use all available time to present evidence. However, protestant does not challenge the Referee's observation of his diligence in discovering and identifying signatures subject to challenge.

██ Even if the Referee is incorrect in his conclusion that the evidence was generally favorable to proponents on the question of their care in circulating, and even if protestant did use the appropriate diligence in insuring that the challenged signatures were, in fact, defective, and even if the days upon which no evidence was presented are discounted, protestant still failed to challenge sufficient signatures in the time allotted. It is readily apparent that with the protestant's use of 100 days to challenge only 52,965 signatures, an additional allowance of a two-week extension would not produce a sufficient number of challenges.

The right of initiative petition is guaranteed to the people of Oklahoma by our constitution, and it should not be unduly restricted by allowing interminable technical challenges to its exercise. The proponent was given a sufficient amount of time within which to complete technical challenges, and has not demonstrated that the time was used diligently to complete the task. We find no error in the Referee's denial of additional time and, therefore, approve his report in its essential determination, i.e., that protestant's challenge to the signatures should fail.

## II

Protestant's only legal challenge is that the question presented by the petition embraces more than one general subject, violating Article 24, Section 1 of the Constitution of the State of Oklahoma. In evaluating this challenge we must note at the outset that proponents have chosen to submit this question as an "amendment by article" as is authorized by the proviso at the end of Section 1.[1] The proposal, if adopted would repeal Article 27, but re-enact many of its provisions in the new Article 28 which would become part of the constitution.

In the proposed new article, several changes are made in the manner in which Oklahoma would control the sale of alcoholic beverages, the most obvious of which is the authorization of the sale of alcoholic

---

**1.** Article 24, Section 1 of the Oklahoma Constitution provides in pertinent part:

\* \* \* \* \* \*

"No proposal for the amendment or alteration of this Constitution which is submitted to the voters shall embrace more than one general subject and the voters shall vote separately for or against each proposal submitted; provided, however, that in the submission of proposals for the amendment of this Constitution by articles, which embrace one general subject, each proposed article shall be deemed a single proposal or proposition."

beverages for on-premises consumption. In addition, the proposal would abolish the present Alcoholic Beverage Control Board and replace it with a new Alcoholic Beverage Laws Enforcement Commission. The protestant concedes that all of the provisions of this proposed article relate to the general subject of control of sale of alcoholic beverages, with the exception of one. Protestant contends that a provision which allows the legislature to authorize the sale of "liquor by the drink" in state lodges in counties which have authorized on-premises consumption embraces a different and additional subject matter.

*In Re Initiative Petition No. 314,* 625 P.2d 595 (Okl.1981) recognized that our constitution may be amended by article under Article 24, Section 1, and that such an amendment may cover changes which would violate the single subject rule if not proposed in that format. Proponents have complied with that procedure. While the amendment is still required to relate to a single general subject, our previous ruling indicates clearly that the various changes need not meet the test which was applied in *Initiative Petition No. 314,* and which resulted in the invalidity of that proposal.

Under the approach suggested in *In Re Initiative Petition No. 314,* we can apply to this question no more restrictive test than the one approved in both *Rupe v. Shaw,* 286 P.2d 1094 (Okl.1955), and in *In Re Initiative Petition No. 271,* 373 P.2d 1017 (Okl.1962). In the former we observed at page 1097:

"... [G]enerally provisions governing projects so related as to constitute a single scheme may be properly included within the same amendment; and that matters germane to the same general subject indicated in the amendment's title, or within the field of legislation suggested thereby, may be included therein...."

The *Rupe* court included within that rule items which were incidents, "necessary or convenient or tending to the accomplishment of one general design notwithstanding other purposes than the main design may be thereby subserved."

Protestant's specific objection is to a portion of Section 8 of the proposed article which allows the legislature to authorize the sale of "liquor by the drink" in state lodges if the lodge is located in a county which has approved such sales under "county option." Reciting a long history of restrictive control of alcoholic beverage sale and manufacture, protestant argues that the sale of such beverages by the state cannot constitute a public purpose. Since, it is argued, the State cannot ordinarily engage in a business which is not for a public purpose, the questioned provision acts as special authority for such business and constitutes an additional subject.

Protestant suggests that this provision impliedly modifies or repeals Article 2, Section 31 of our Constitution which provides:

"The right of the State to engage in any occupation or business for public purposes shall not be denied nor prohibited, except that the State shall not engage in agriculture for any other than educational and scientific purposes and for the support of its penal, charitable, and educational institutions."

■ In determining what constitutes a "public purpose" the Court has approved a broad rather than a restrictive definition. *Harrison v. Claybrook,* 372 P.2d 602 (Okl. 1962). In *Helm v. Childers,* 181 Okl. 535, 75 P.2d 398 (1938), the Court ruled that it was not the province of the courts to interfere with a legislative determination of "public purpose," and that rule was recently restated in *Democratic Party of Oklahoma v. Estep,* 652 P.2d 271 (Okl.1982).

At present, Article 27, Section 8 of our Constitution, stands as a barrier to any legislative determination that state involvement in alcoholic beverage enterprise would serve the public purpose in some context. To that extent, its provisions limit the guarantee contained in Article 2, Section 31, allowing the State to engage in any business for a public purpose, with the exception of agriculture.

■ Section 8 of the proposed article repeats that prohibition, but allows the sale of "liquor by the drink" in state lodges located in counties which have authorized such sale *only after the legislature has determined that such sales should be made.* Rather than broadening the discretion of the legislature to determine how and when the State shall engage in the alcoholic beverage business, the proposal, like the present provision, *restricts* the State's right as granted by Article 2, Section 31. Such a restriction is clearly embraced within the single subject of this proposal, control of the sale of alcoholic beverages.

The provisions of Section 8 contribute to the overall scheme of control embodied in the proposed article. There may be no more appropriate place in our basic law for defining the State's right to participate in the alcoholic beverage business than in the article by which that business is otherwise controlled.

The protestant has not demonstrated that the petition lacks sufficient valid signatures. The protestant's sole legal challenge is invalid. Accordingly, INITIATIVE PETITION No. 319 IS DECLARED NUMERICALLY AND LEGALLY SUFFICIENT FOR SUBMISSION TO THE VOTE OF THE PEOPLE AS STATE QUESTION No. 563.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in part, dissents in part as to Part I; concurs in Part II.