COMBS, C.J.
 

 ¶1 On December 20, 2017, Respondents Michael O. Thompson, Mary Lynn Peacher, and Ray H. Potts (collectively, Proponents) filed Initiative Petition No. 416, State Question No. 795 (IP 416) with the Oklahoma Secretary of State. IP 416 would create a new Article XIII-C in the Oklahoma Constitution. IP 416 contains 8 sections, which Proponents assert will levy a new 5% gross production tax on oil and gas production from certain wells, and provide for the deposit of the proceeds primarily in a new fund entitled the "Oklahoma Quality Instruction Fund" (the Fund). Monies from the Fund will be distributed: 1) 90% to common school districts of the State of Oklahoma to increase compensation and benefits for certified personnel, and the hiring, recruitment and retention thereof; and 2) 10% to the State Department of Education to promote school readiness, and to support compensation for instructors and other instructional expenses in "high-quality early learning centers" for at-risk children prior to entry into the common education system.
 

 ¶2 Section 1 of IP 416 creates the Fund. Section 2 creates the Oklahoma Quality Instruction Reserve Fund to ensure the Fund always has sufficient resources, and provides mechanisms for the transfer of monies. Section 3 levies a 5% tax on the gross value of the production of oil, gas, or oil and gas from all oil and gas wells spudded after July 1, 2015, during the first thirty-six months of production, commencing with the month of first production, from and after the effective date of the article. Section 4 provides for a $4,000 increase in compensation for certified personnel, including teachers, but excluding superintendents and assistant superintendents. Section 5 provides for the distribution of funds according to the percentage scheme noted in the previous paragraph above. Section 6 attempts to ensure that the new funds will be used to supplement existing funding rather than supplant it, and grants the Board of Equalization the power to specify the amount that was supplanted or replaced, preventing the Legislature from making appropriations until it makes an appropriation to replace the supplanted amount. Sections 7
 
 *347
 
 and 8 provide an effective date and severability provision, respectively.
 

 ¶3 On January 10, 2018, Petitioners Oklahoma Oil & Gas Association and David A. Sikes (collectively, Protestants), timely filed an Application to Assume Original Jurisdiction in this Court protesting the sufficiency of IP 416 and the basis that it fails to pass constitutional muster.
 

 I.
 

 STANDARD OF REVIEW
 

 ¶4 "The first power reserved by the people is the initiative...." Okla. Const. art. 5, § 2 ;
 
 In re Initiative Petition No. 409, State Question No. 785
 
 ,
 
 2016 OK 51
 
 , ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 403, State Question No. 779
 
 ,
 
 2016 OK 1
 
 , ¶ 3,
 
 367 P.3d 472
 
 . With that reservation comes "the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature." Okla. Const. art. 5, § 1 ;
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 3,
 
 367 P.3d 472
 
 . "The right of the initiative is precious, and it is one which this Court is zealous to preserve to the fullest measure of the spirit and the letter of the law."
 
 In re Initiative Petition No. 382, State Question No. 729
 
 ,
 
 2006 OK 45
 
 , ¶ 3,
 
 142 P.3d 400
 
 .
 
 See
 

 In re Initiative Petition No. 349, State Question No. 642
 
 ,
 
 1992 OK 122
 
 , ¶ 35,
 
 838 P.2d 1
 
 .
 

 ¶5 However, while the fundamental and precious right of initiative petition is zealously protected by this Court, it is not absolute. Any citizen can protest the sufficiency and legality of an initiative petition.
 
 In re Initiative Petition No. 409
 
 ,
 
 2016 OK 51
 
 at ¶ 2,
 
 376 P.3d 250
 
 ;
 
 In re Initiative Petition No. 384, State Question No. 731
 
 ,
 
 2007 OK 48
 
 , ¶ 2,
 
 164 P.3d 125
 
 . "Upon such protest, this Court must review the petition to ensure that it complies with the 'parameters of the rights and restrictions [as] established by the Oklahoma Constitution, legislative enactments and this Court's jurisprudence.' "
 
 In re Initiative Petition No. 384
 
 ,
 
 2007 OK 48
 
 at ¶ 2,
 
 164 P.3d 125
 
 (quoting
 
 In re Initiative Petition No. 379, State Question No. 726
 
 ,
 
 2006 OK 89
 
 , ¶ 16,
 
 155 P.3d 32
 
 ).
 

 ¶6 This Court has generally refused to declare a ballot initiative invalid in advance of a vote of the people except where there is a clear or manifest showing of unconstitutionality.
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 3,
 
 367 P.3d 472
 
 ;
 
 In re Initiative Petition No. 358, State Question No. 658
 
 ,
 
 1994 OK 27
 
 , ¶ 7,
 
 870 P.2d 782
 
 . We have repeatedly emphasized both how vital the right of initiative is to the people of Oklahoma, as well as the degree to which we must protect it:
 

 "Because the right of the initiative is so precious,
 
 all doubt as to the construction of pertinent provisions is resolved in favor of the initiative. The initiative power should not be crippled, avoided, or denied by technical construction by the courts.
 
 "
 

 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 3,
 
 367 P.3d 472
 
 (quoting
 
 In re Initiative Petition No. 382
 
 ,
 
 2006 OK 45
 
 at ¶ 3,
 
 142 P.3d 400
 
 ).
 

 Accordingly, Opponents in this matter bear the burden of demonstrating the proposed initiative petition is clearly and manifestly unconstitutional.
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 3,
 
 367 P.3d 472
 
 ;
 
 In re Initiative Petition No. 362, State Question No. 669
 
 ,
 
 1995 OK 77
 
 , ¶ 12,
 
 899 P.2d 1145
 
 .
 

 II.
 

 ANALYSIS
 

 ¶7 Opponents in this matter allege IP 416 is insufficient and must not be submitted to the voters as it stands because it is unconstitutional. Opponents challenge the constitutionality of IP 416 on the grounds that it violates the single-subject requirements of Okla. Const. art. 24, § 1. Opponents raise two general arguments concerning the application of Okla. Const. art. 24, § 1 in this cause. First, Opponents argue this Court should overrule
 
 In re Initiative Petition No. 403, State Question No. 779
 
 ,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 
 , and instead of the "germaneness" standard applied in that cause adopt a "one
 
 *348
 
 general subject" standard in keeping with what Opponents argue is the plain language of Okla. Const. art. 24, § 1. Second, Opponents assert IP 416 violates Okla. Const. art. 24, § 1 because it combines multiple distinct subjects, including granting expansive powers to the Board of Equalization in Section 6.
 

 A. In re Initiative Petition No. 403, State Question No. 779,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 

 remains good law.
 

 ¶8 Opponents concede that in the case of
 
 In re Initiative Petition No. 403, State Question No. 779
 
 ,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 
 , this Court determined an almost identical initiative petition to the one at issue in this cause did not violate the single-subject rule of Okla. Const. art. 24, § 1. In that cause, this Court applied a "germaneness test" to determine if a proposed constitutional amendment by new article violated the single subject-requirements of Okla. Const. art. 24, § 1.
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 10,
 
 367 P.3d 472
 
 . We summed up the test in the following manner:
 

 "when the proposed
 
 constitutional amendment is by a new article
 
 the test for gauging multiplicity of subjects is whether the changes proposed are
 
 all germane
 
 to a singular common subject and purpose or are essentially unrelated to one another."
 

 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 10,
 
 367 P.3d 472
 
 (quoting
 
 In re Initiative Petition No. 363, State Question No. 672
 
 ,
 
 1996 OK 122
 
 , ¶ 15,
 
 927 P.2d 558
 
 ).
 

 ¶9 Opponents argue against the continued application of this test, and for this Court to overrule
 
 In re Initiative Petition No. 403
 
 . To do so would be a departure from the rule of
 
 stare decisis
 
 . Simply stated,
 
 stare decisis
 
 means to abide by decided cases.
 
 Fent v. State ex rel. Okla. Capitol Imp. Auth.
 
 ,
 
 2009 OK 15
 
 , n.12,
 
 214 P.3d 799
 
 ;
 
 Rodgers v. Higgins
 
 ,
 
 1993 OK 45
 
 , ¶ 28,
 
 871 P.2d 398
 
 . This doctrine serves to remove any capricious element from the law and grant it stability over time.
 
 Sisk v. J.B. Hunt Transport, Inc.
 
 ,
 
 2003 OK 69
 
 , n.24,
 
 81 P.3d 55
 
 ;
 
 Fent
 
 ,
 
 2009 OK 15
 
 at n.12,
 
 214 P.3d 799
 
 ;
 
 Rodgers
 
 ,
 
 1993 OK 45
 
 at ¶ 28,
 
 871 P.2d 398
 
 . Only those precedents that are patently bad should be altered by judicial correction.
 
 Sisk
 
 ,
 
 2003 OK 69
 
 at ¶ 13,
 
 81 P.3d 55
 
 ;
 
 Rodgers
 
 ,
 
 1993 OK 45
 
 at ¶ 28,
 
 871 P.2d 398
 
 . In
 
 Rodgers
 
 , this Court discussed the factors we should be mindful of when called upon to reassess our commitment to prior holdings as binding precedent:
 

 (1) whether the rule has proved to be intolerable by defying practical workability,
 

 (2) whether the rule is subject to the sort of reliance that would add special hardship to the consequences of overruling and inequity to the cost of repudiation,
 

 (3) whether related principles of law have developed so far that the old rule remains no more than a remnant of abandoned doctrine and (4) whether facts have so changed or come to be viewed so differently that the old rule has been robbed of significant application or justification.
 

 1993 OK 45
 
 at ¶ 29,
 
 871 P.2d 398
 
 (citing
 
 Planned Parenthood of Southeastern Pennsylvania v. Casey
 
 ,
 
 505 U.S. 833
 
 , 854-55,
 
 112 S.Ct. 2791
 
 , 2808-09,
 
 120 L.Ed.2d 674
 
 (1992) ).
 

 ¶10 Opponents do not address any of these factors directly, but they do make several arguments addressing why the germaneness test is improper. First, they assert it conflicts with the plain language of Okla. Const. art. 24, § 1, which provides in pertinent part:
 

 No proposal for the amendment or alteration of this Constitution which is submitted to the voters shall embrace more than one general subject and the voters shall vote separately for or against each proposal submitted; provided, however, that in the submission of proposals for the amendment of this Constitution by articles, which embrace one general subject, each proposed article shall be deemed a single proposal or proposition.
 

 Opponents assert the plain language of the provision requires a "one general subject" standard that they equate to the standard used to judge amendments made NOT by entire article, and which should be less liberal.
 

 ¶11 Opponents also assert this Court has not consistently applied the germaneness standard to amendments by article. According to Opponents, this Court applied a different test in
 
 *349
 

 In re Initiative Petition No. 344, State Question No. 630
 
 ,
 
 1990 OK 75
 
 ,
 
 797 P.2d 326
 
 . The language Opponents cite from that case explaining the rule is actually a direct quote from an older Arizona case this Court was favorably referencing:
 

 If the different changes contained in the proposed amendment all cover matters necessary to be dealt with in some manner, in order that the Constitution, as amended, shall constitute a consistent and workable whole on the general topic embraced in that part which is amended, and if, logically speaking, they should stand or fall as a whole, then there is but one amendment submitted. But, if any one of the propositions, although not directly contradicting the others, does not refer to such matters, or if it is not such that the voter supporting it would reasonably be expected to support the principle of the others, then there are in reality two or more amendments to be submitted, and the proposed amendment falls within the constitutional prohibition.
 

 Kerby v. Luhrs
 
 ,
 
 44 Ariz. 208
 
 , 221,
 
 36 P.2d 549
 
 , 554 (1934).
 

 In reality, this language is not in conflict with the rule this Court articulated in
 
 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 10,
 
 367 P.3d 472
 
 . In fact,
 
 In re Initiative Petition No. 344
 
 , which Opponents argue is inconsistent, did not disavow the liberal approach taken in
 
 Rupe v. Shaw
 
 ,
 
 1955 OK 223
 
 , ¶ 6,
 
 286 P.2d 1094
 
 , but rather distinguished it:
 

 In his reply brief, the Attorney General relies on Rupe v. Shaw,
 
 286 P.2d 1094
 
 (Okla. 1955), in support of his position that the Petition embraces only one subject. The Attorney General argues that this Court in Rupe adopted the liberal test rather than the more restrictive test adopted by some other jurisdictions and that under the liberal test the present Petition embraces only one general subject. This Court found that the petition in Rupe addressed only one general subject because the details were incidental to accomplishing the general design of the proposal. Many of the changes made by the present Petition are not incidental or necessary to an overall design.
 

 In re Initiative Petition No. 344
 
 ,
 
 1990 OK 75
 
 at ¶ 6,
 
 797 P.2d 326
 
 .
 

 ¶12 Regardless,
 
 In re Initiative Petition No. 403
 
 set out in some detail this Court's long history of applying the more liberal germaneness test to amendments by article.
 
 2016 OK 1
 
 at ¶¶ 5-10,
 
 367 P.3d 472
 
 . The Court made reference to a wealth of prior precedent in support of such an approach:
 
 Rupe v. Shaw
 
 ,
 
 1955 OK 223
 
 , ¶ 6,
 
 286 P.2d 1094
 
 (holding a more liberal construction should be applied to amendments by article);
 
 In re Initiative Petition No. 314, State Question No. 550
 
 ,
 
 1980 OK 174
 
 ,
 
 625 P.2d 595
 
 (explaining that unconstitutional changes proposed by amending an existing article could have been effected through amendment by new article without violating the single-subject requirement);
 
 In re Initiative Petition No. 319, State Question No. 563
 
 ,
 
 1984 OK 23
 
 , ¶¶ 8-9,
 
 682 P.2d 222
 
 (recognizing the different test for amendment by article, explaining the germaneness test, and approving the petition as proposed);
 
 In re Initiative Petition No. 363
 
 ,
 
 1996 OK 122
 
 , ¶ 15,
 
 927 P.2d 558
 
 (reiterating that the test for amendment by article is whether the changes proposed are
 
 all germane
 
 to a singular common subject and purpose or are essentially unrelated to one another).
 

 ¶13 Opponents argue the germaneness test frustrates the policy behind the single-subject rule by allowing almost anything absent totally unrelated provisions to pass constitutional muster, and that the test's flexibility allows individuals to game the system and avoid the single-subject requirement by cloaking multi-subject amendments with vague titles, essentially tricking potential signatories and voters. However, Opponents ignore the actual operation of the germaneness test in question. This Court does not base its analysis merely on the relation of a new article's sections to a single statement of purpose such as a fund name, but on their relationship to each other and their combined, common purpose.
 
 See
 

 In re Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 12,
 
 367 P.3d 472
 
 .
 

 ¶14 Further, in
 
 Initiative Petition No. 403
 
 we explained the policy behind the one general subject rule:
 

 *350
 
 The purpose of the one general subject rule, as this Court has repeatedly held, is " 'to prevent imposition upon or deceit of the public by the presentation of a proposal which is
 
 misleading or the effect of which is concealed or not readily understandable
 
 ,' " and to " 'afford the voters freedom of choice and
 
 prevent "logrolling", or the combining of unrelated proposals
 
 in order to secure approval by appealing to different groups which will support the entire proposal in order to secure some part of it although perhaps disapproving of other parts.' "
 
 In re Initiative Petition No. 314
 
 ,
 
 1980 OK 174
 
 , ¶ 59,
 
 625 P.2d 595
 
 , 603 (quoting
 
 Fugina v. Donovan
 
 ,
 
 259 Minn. 35
 
 ,
 
 104 N.W.2d 911
 
 , 914 (Minn. 1960) ) (emphasis added).
 

 2016 OK 1
 
 at ¶ 13,
 
 367 P.3d 472
 
 .
 

 The germaneness test does not frustrate this purpose, but rather serves it. The goal is to ensure the proposed amendment by article does not combine
 
 unrelated proposals
 
 which would result in a misleading effect or logrolling. That goal is accomplished by ensuring that all the proposed changes are germane to a singular common subject or purpose, which necessarily excludes the possibility that they will be unrelated to one another.
 
 See
 

 Initiative Petition No. 403
 
 ,
 
 2016 OK 1
 
 at ¶ 10,
 
 367 P.3d 472
 
 . The Court explained as much succinctly in
 
 In re Initiative Petition No. 363
 
 :
 

 A single-subject measure, within the meaning of Art. 24 § 1, Okl. Const., is one whose componential ingredients, no matter how numerous, are so interrelated as to all form parts of an integrated whole. The purpose of the one-general-subject criterion is to guard against deceit or against the presentation of a misleading proposal as well as to prevent log rolling-the combining of unrelated proposals.
 
 In re Initiative Petition No. 319
 
 teaches that when the proposed
 
 constitutional amendment is by a new article
 
 the test for gauging multiplicity of subjects is whether the changes proposed are
 
 all germane
 
 to a singular common subject and purpose or are essentially unrelated one to another
 

 1996 OK 122
 
 at ¶ 15,
 
 927 P.2d 558
 
 (footnotes omitted).
 

 ¶15 The rule this Court applied in
 
 In re Initiative Petition No. 403
 
 is not unworkable. It has been applied successfully by this Court several times over the past few decades, as noted above. The rule has not been robbed of its significance, nor is it an abandoned doctrine due to the evolution of underlying legal principles. Further, IP 416 was very obviously drafted in reliance on this Court's decision in
 
 In re Initiative Petition No. 403
 
 , and to overrule it at this stage would result in exactly the sort of capricious instability the doctrine of
 
 stare decisis
 
 is intended to counter. Opponents have failed to meet the burden required to show why this Court should depart from long-settled precedent in this instance.
 
 See
 

 Sisk
 
 ,
 
 2003 OK 69
 
 at ¶ 13,
 
 81 P.3d 55
 
 ;
 
 Rodgers
 
 ,
 
 1993 OK 45
 
 at ¶¶ 28-29,
 
 871 P.2d 398
 
 .
 

 B. The new article proposed by IP 416 does not violate the single-subject requirements of Okla. Const. art. 24, § 1.
 

 ¶16 Opponents also assert IP 416 violates the single-subject rule of Okla. Const. art. 24, § 1 because it contains multiple distinct subjects by lumping a $4,000 pay increase for certified common education personnel with the new gross production tax, as well as with expanding the reach of the Board of Equalization, an executive branch entity, into the legislative realm. As discussed in the previous section of this opinion,
 
 In re Initiative Petition No. 403, State Question No. 779
 
 ,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 
 remains good law. That case, combined with this Court's decision in
 
 Okla. Indep. Petroleum Assoc. v. Ray H. Potts
 
 ,
 
 2018 OK 24
 
 ,
 
 414 P.3d 351
 
 , are controlling and dispositive of Opponents' arguments concerning application of Okla. Const. art. 24, § 1 to IP 416. IP 416 does not violate the single-subject requirement of Okla. Const. art. 24, § 1.
 

 III.
 

 CONCLUSION
 

 ¶25 After fully considering Opponents' arguments concerning the continued applicability of the germaneness test and their constitutional challenge, this Court concludes that
 
 *351
 

 In re Initiative Petition No. 403, State Ques tion No. 779
 
 ,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 
 remains good law and the new article proposed by IP 416 does not violate the single-subject requirements of Okla. Const. art. 24, § 1. It is the determination of this Court that IP 416 is legally sufficient for submission to the people of Oklahoma. Any petition for rehearing in this matter shall be filed no later than five (5) days from the date this opinion is handed down.
 

 INITIATIVE PETITION NO. 416, STATE QUESTION NO. 795 IS LEGALLY SUFFICIENT FOR SUBMISSION TO THE PEOPLE OF OKLAHOMA
 

 CONCUR: COMBS, C.J., GURICH, V.C.J., KAUGER (by separate writing), WINCHESTER, EDMONDSON, and REIF, JJ.
 

 CONCUR SPECIALLY: WYRICK, J. (by separate writing)
 

 RECUSED: COLBERT, J.
 

 KAUGER, J., with whom WINCHESTER, J., joins concurring:
 

 ¶1 I concur by reason of stare decisis based on this Court's decision in
 
 InReInitiativePetitionNo
 
 .
 
 403StateQuestionNo
 
 .,
 
 779
 
 ,
 
 2016 OK 1
 
 ,
 
 367 P.3d 472
 
 .
 

 Wyrick, J., concurring specially:
 

 ¶1 I concur for the reasons set forth in my separate opinion in Case No. 116,679,
 
 Oklahoma Independent Petroleum Association v. Potts
 
 ,
 
 2018 OK 24
 
 ,
 
 414 P.3d 351
 
 ,
 
 2018 WL 1376757
 
 .