OSCN Found Document:Question Submitted by: The Honorable Mike Osburn, Oklahoma House of Representatives, District 81

 

 
 Question Submitted by: The Honorable Mike Osburn, Oklahoma House of Representatives, District 812026 OK AG 9Decided: 06/16/2026OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2026 OK AG 9, __ __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:1. May a technology center school district ("CareerTech") overseen by the State Board of Career and Technology Education ("Board") lawfully operate a licensed driver education program?2. If the answer to Question 1 is "yes," what is the proper licensing body for a CareerTech-operated driver education program?3. If the answer to Question 1 is "yes," must the CareerTech at which the driver education program is offered allow private commercial driver education schools to utilize CareerTech facilities to hold their classes?

I.SUMMARY

¶1 Under Title 70 of the Oklahoma Statutes, a CareerTech is "a body corporate" that possesses "the usual powers of a corporation for public purposes." 70 O.S.Supp.2024, § 14-1081 Such a program must be licensed by Service Oklahoma as a "commercial driver training school." Service Oklahoma rules require a "public school" that allows one commercial driver training school to use its facilities to also allow others to do the same on an "equal and non-discriminatory basis." OKLA. ADMIN. CODE § 670:15-37-13(a)(6). However, this requirement does not apply to a CareerTech that operates its own licensed driver education program.
II.BACKGROUND

¶2 Among other benefits, participation in driver education courses enables minors in Oklahoma to obtain a learner permit to operate a Class D motor vehicle at 15 years old. 47 O.S.Supp.2024, § 6-105

(1) courses offered through public secondary schools, as established and overseen by the State Department of Education ("SDE"), pursuant to title 70, sections 19-113 -- 19-121 of the Oklahoma Statutes,
(2) courses certified by Service Oklahoma that are offered through parochial, private, or other nonpublic secondary schools,
(3) courses offered by commercial driver training schools licensed by Service Oklahoma pursuant to title 47, sections 801 -- 808 of the Oklahoma Statutes,
(4) parent-taught courses certified by Service Oklahoma, and 
(5) courses certified by another state.

See id.

¶3 According to your request, at least two CareerTech locations operate driver education programs on their campuses and are licensed by Service Oklahoma. Competing private commercial driving schools have argued that (i) a CareerTech cannot lawfully operate this type of licensed "commercial driver training school," or (ii) if CareerTechs may lawfully do so, then the CareerTech facilities must be made available to private commercial driving schools on "an equal and non-discriminatory basis," as purportedly required by Service Oklahoma rules and Hennessey v. Independent School District No. 4, Lincoln County, 1976 OK 101552 P.2d 1141

III.DISCUSSION

¶4 Oklahoma's modern CareerTech system was established by article X, section 9B of the Oklahoma Constitution, adopted in 1966 through State Question 434. See 2008 OK AG 32Id. § 9B(H); see also 2008 OK AG 32

¶5 The Legislature has provided further detail in statute regarding the establishment of CareerTechs, their powers and duties, and the Board's oversight of the CareerTech system. See 70 O.S.2021, § 14-10370 O.S.Supp.2024, § 14-108See 70 O.S.2021, § 14-103See Oklahoma CareerTech, 2026 Media Kit, available at https://oklahoma.gov/careertech/media-center/communications-and-marketing.html (last visited June 16, 2026).

A. A CareerTech may lawfully operate a licensed driver education program.

¶6 As noted above, while the Oklahoma Constitution authorizes the creation of CareerTechs, the details of their formation and operation are left to statute. See 70 O.S.Supp.2024, § 14-108Marley v. Cannon, 1980 OK 147618 P.2d 401

¶7 By statute, the Legislature largely delegated to the Board the power to determine what courses and services are offered at CareerTechs. See 70 O.S.Supp.2024, § 14-108see also 70 O.S.2021, § 14-10370 O.S.Supp.2024, § 14-108see also OKLA. ADMIN. CODE § 780:15-3-1 (Board rule adopting the same language). Based on this broad grant of authority, it is clear that a CareerTech may operate, and charge students a fee to participate in, a driver education program just as a commercial entity would, so long as driver education is considered a "public purpose."

¶8 While the term "public purpose" has not been interpreted with respect to CareerTechs, its meaning has been addressed repeatedly in the context of the State's constitutional authority to engage in any business for a public purpose. See OKLA. CONST. art. II, § 31 ("The right of the State to engage in any occupation or business for public purposes shall not be denied nor prohibited[.]"). In short, the Oklahoma Supreme Court in "determining what constitutes a 'public purpose' . . . has approved a broad rather than a restrictive definition." In re Initiative Petition No. 319, State Question No. 563, 1984 OK 23682 P.2d 222See Grand Hydro v. Grand River Dam Auth., 1943 OK 158139 P.2d 798Rice v. State, 1924 OK 1112232 P. 8072

¶9 The reasoning in these cases suggests that providing driver education courses also serves a public purpose. Indeed, the Legislature itself has described the "aims and purposes" of driver education programs as largely revolving around roadway safety. See 70 O.S.2021, § 19-113Id. § 19-114. Given that driver education is provided to foster safety on public roads--a quintessential public purpose--and is even authorized to be provided by public schools, this office concludes that a CareerTech may lawfully operate a licensed driver education program through its status as a corporation serving a public purpose. 3

B. A CareerTech-operated driver education program must be licensed as a commercial driver training school by Service Oklahoma.

¶10 As mentioned at the outset, in order for a driver education program to qualify a 15-year-old to obtain a learner permit, the program must be licensed by Service Oklahoma if offered by a commercial driving school; certified by Service Oklahoma if offered by a "parochial, private, or other nonpublic secondary school"; or overseen by SDE if offered by a public secondary school pursuant to title 70, sections 19-113 -- 19-121. See 47 O.S.Supp.2024, § 6-1054 Because a CareerTech is not a public or nonpublic secondary school for the purposes of Service Oklahoma administrative rules, 5 its driver education program must be licensed as a "commercial driver training school" by Service Oklahoma.

¶11 A "commercial driver training school" is defined, in relevant part, as "a business enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons ... to operate or drive motor vehicles and/or to prepare an applicant for an examination given by the state for a driver license...and charging a consideration or tuition for such services[.]" 47 O.S.Supp.2024, § 80170 O.S.Supp.2024, § 14see also 18 O.S.2021, §§ 10156
C. A CareerTech that operates a licensed driver education program need not allow a private commercial driver education school to utilize CareerTech facilities to hold that school's driver education classes.

¶12 In its administrative rules, Service Oklahoma sets forth the requirements to obtain a "commercial driver training school" license, including minimum requirements for classroom facilities. See OKLA. ADMIN. CODE § 670:15-37-13. Of particular relevance here, one such rule provides that "if a commercial driver education school is located in a public school, [it] shall present to Service Oklahoma...a current contract with the school district signed by the superintendent of the district." Id. § 670:15-37-13(a)(6) (emphasis added). Among other things, the contract must provide that "any public school in the school district...is available on an equal and non-discriminatory basis to any other commercial driver education school desiring to conduct business on public school property in the school district on the same terms and at the same time as the commercial driver education school named in the contract as required by Hennessey v. ISD No. 4, 552 P.2d 1141Id. (emphasis added). Based on this provision, and the conclusion that a CareerTech may operate a licensed "commercial driver education school," your final question is whether the CareerTech facilities at which a CareerTech driving education program is offered must be made available to other commercial driver education schools.

¶13 The term "public school" is not defined in Service Oklahoma rules. As a result, it must be given "its ordinary meaning[], considering both the specific context in which [it] is used and the broader context of [the rules] as a whole." In re Taylor, 899 F.3d 1126, 1129 (10th Cir. 2018) (internal quotations omitted). 7 Looking at the Service Oklahoma rules as a whole, in every instance in which the term "public school" is used, it is in reference to public secondary schools whose driver education programs are overseen by SDE. See OKLA. ADMIN. CODE §§ 670:15-37-3(b)(1) (application for instructors provided by SDE); 670:15-37-4(b) (instructor qualifications determined by SDE); 670:15-37-8(b) (course material determined by SDE); 670:15-37-10 (specifications for instructional vehicles set by SDE); 670:15-37-12 (reporting forms furnished by SDE). But CareerTechs are overseen by the Board, not SDE. Given this context, a reasonable reading of the above requirement is that a public secondary school that allows an outside commercial driver education school to use the public school's facilities for driver education courses must offer all other commercial schools "equal and non-discriminatory" access. This reading is consistent with the holding in Hennessey, which addressed a school district that allowed certain outside organizations to use its facilities but denied access to others. 1976 OK 101552 P.2d 1141

A state is under no duty to make school buildings available for public gatherings and a school board is not prevented from barring its use for unlawful purposes. But where a school district allows a number of organizations to use its facilities for non-academic purposes, a board must not unconstitutionally discriminate against any comparable applicant in deciding who will and who will not be permitted its use.

Id. ¶ 15, 552 P.2d at 1145 (citations omitted).

¶14 In the situation presented in this Opinion, the CareerTech is not opening its facilities to an outside commercial driver education school. The CareerTech is operating its own driver education program. While that program might hold the same Service Oklahoma-issued license as a private commercial driving school, nothing in Hennessey or in Service Oklahoma rules8 requires the CareerTech to make its facilities available to private commercial driving schools for that reason alone.

¶15 It is, therefore, the official Opinion of the Attorney General that:

1. A CareerTech may lawfully operate a licensed driver education program.
2. A CareerTech-operated driver education program qualifies as a "commercial driver education school" that must be licensed by Service Oklahoma. 
3. A CareerTech that operates a licensed driver education program need not--for that reason alone--allow private commercial driver education schools to utilize CareerTech facilities to hold that school's driver education classes.

GENTNER DRUMMONDATTORNEY GENERAL OF OKLAHOMA

JUSTIN WOLFDEPUTY ATTORNEY GENERAL

FOOTNOTES

1 In this Opinion, the term "driver education programs" refers to programs commonly known as "driver's ed," through which teens receive education and training in order to obtain a learner permit and ultimately a Class D driver license. These programs are not to be confused with training programs for adults wishing to obtain a license to operate Class A, B, or C commercial motor vehicles ("CDL"). While CareerTechs also offer CDL training programs, those programs are outside the scope of this Opinion.
2 See also App. of S. Okla. Dev. Tr., 1970 OK 118470 P.2d 572Sibel v. State Bd. of Pub. Affairs, 1952 OK 196244 P.2d 307Choctaw Pressed Brick Co. v. Townsend, 1925 OK 153236 P. 46
3 In your request, you also ask whether a CareerTech-operated driver education program would violate the provision of the Oklahoma Constitution that prohibits the State from being "an owner or stockholder in...any company, association, or corporation." See OKLA. CONST. art. X, § 15(A). This concern is misplaced. The purpose of article X, section 15 is "to limit only the ability to redirect public funds to private entities by way of gift or direct investment." 2025 OK AG 18
4 While title 47, section 6-105 also allows for parent-taught driver education and programs certified by other states, those options are not relevant for the purposes of this Opinion.
5 Generally speaking, the term "secondary school" refers to grades seven through twelve. See, e.g., 70 O.S.2021, § 24-131Id.
6 In 1997, this office opined that a "State educational institution," when operating as an educational institution, cannot be licensed as a "commercial driver training school" because such an institution "is not per se a business enterprise conducted by an individual, association, partnership or corporation." 1997 OK AG 8Id. ¶ 3. This Opinion answers that question as to CareerTechs. To the extent Attorney General Opinion 1997-8 is inconsistent with this Opinion, it is overturned.
7 While this principle is typically used in statutory interpretation, it is well-settled that "[t]he same rules of construction apply to administrative rules and regulations as to statutes." McClure v. ConocoPhillips Co., 2006 OK 42142 P.3d 390
8 Indeed, the fact that the Service Oklahoma rule specifically references the requirements of Hennessey suggests that the rule is intended to level the playing field among private commercial driving schools that wish to use public school facilities, and to assure that any public school that agrees to such use operates in an even-handed manner consistent with constitutional requirements. That situation is factually and legally distinguishable from the scenario presented here. To be sure, a CareerTech is a state agency so if it opens its facilities to outside organizations, Hennessey forbids it from unconstitutionally discriminating against comparable organizations. But a CareerTech's own driver education program is not an "outside organization."